**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

JOSE HERRERA,

 Defendant-Appellant..

No. 03-2096
(D.C. No. CR-02-1938 JP)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL, HOLLOWAY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is an appeal from a sentence. Appellant/Defendant Jose Herrera pled guilty to possession with intent to distribute cocaine. Herrera now appeals the district court's failure to grant him a downward departure under U.S.S.G. § 4A1.3 (that his criminal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

history category significantly over-represents the seriousness of his criminal history) and under U.S.S.G. § 2D1.1 (minimal role in the offense).

We conclude that Herrera waived his right to appeal his sentence and dismiss this appeal.

# I

*Background*

Appellant/Defendant Jose Herrera (Herrera) was arrested at a border checkpoint in New Mexico in possession of nearly twenty kilograms of cocaine. Herrera pled guilty to possession with intent to distribute cocaine. In the plea agreement, both parties agreed that Herrera should receive a two level reduction under § 2D1.1 for his minor role in the crime. Herrera also waived his right to appeal in the plea agreement except to the extent that the sentencing court departed upward from the guidelines.

The presentence report disclosed that Herrera had two previous felony convictions: one in 1992 for possession of one and a half pounds of cocaine and five and a half ounces of heroin for which he was sentenced to four years in state prison and one in 1996 for attempted sale of twenty pounds of methamphetamine for which he was sentenced to three years in state prison. Because of Herrera's previous convictions he did not receive the two level reduction under § 2D1.1.

There were five separate sentencing hearings in this case. At the first hearing,

Herrera argued that he had not received notice of the government's classification of him as a career offender under § 4B1.1. One month later at the second hearing, Herrera again complained of the lack of such notice but had not filed a written objection on this point. One week later, at the third hearing, Herrera withdrew his argument that he lacked notice and instead argued that because he was entitled to a minor role reduction under § 3B1.2(b), § 4B1.1 (career offender) did not apply. Three weeks later at the fourth hearing, the district court requested both parties to file briefs on the issue. One month later, at the fifth and final hearing, the district court held that Herrera should be classified as a career criminal under § 4B1.1 even though he was entitled to a minor role reduction under § 3B1.2(b).

On the day of the final hearing, Herrera filed a motion for downward departure pursuant to § 4A1.3. The district court, however, was apparently unaware of this motion and never ruled upon it.

Herrera now appeals and asks this court to (1) remand the case with instructions to consider a possible downward reduction under § 4A1.3, or hold the district court erred in denying Herrera a downward reduction under § 4A1.3 and (2) hold the district court erred in denying him a reduction for a minimal role in the offense under § 2D1.1.

**II**

*Discussion*

3

## A

### *Departure under § 4A1.3*

On the day of Herrera's fifth and final sentencing hearing, Herrera filed a motion for a downward departure under § 4A1.3, arguing that his career offender status significantly over-represents his criminal history. I Appellant App. at 65-68. The sentencing judge, however, was apparently unaware of this motion and never ruled upon it. *Id.* at 70-79. On appeal, Herrera argues we should remand to the district court to address this issue. We disagree.

Where a defendant appeals his sentence after waiving that right, a reviewing court must answer three questions: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). Where the answer to the first two questions is yes and the last one no, we dismiss the appeal without reaching its merits. *Id.*

First, we must determine "whether the disputed appeal falls within the scope of the waiver of appellate rights." *Id.* In making that determination, we "strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Id.*

Herrera's plea agreement contained two separate waivers of his right to appeal.

First, the plea agreement stipulated that:

> The defendant has reviewed the application of the guidelines with his attorney but understands that no one can predict with certainty what guideline range will be applicable in this case until <u>after a presentencing investigation has been completed and the Court has ruled on the results of that investigation</u>. The defendant will not be allowed to withdraw the plea if the applicable guideline range is <u>higher than expected</u> or if the Court departs from the applicable guideline range. The defendant fully understands that the determination of the sentencing range or guideline level, as well as the actual sentence imposed, is solely <u>in the discretion of the Court</u>.

I App. 9-10 (emphasis added). The plea agreement further stipulated that:

> . . . the defendant knowingly waives the right to appeal any sentence within the applicable guideline range as determined by the Court after resolution of any objections by either party to the presentence report to be prepared in this case, and the defendant specifically agrees not to appeal the determination of the Court in resolving any contested sentencing factor. In other words, <u>the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range as determined by the Court</u>.

*Id.* at 12 (emphasis added). Thus, the unambiguous language of the waiver provisions in Herrera's plea agreement encompass all determinations of the sentence except where the sentencing court departs upward from the guideline range.

In this case, Herrera argues the district court erred in failing to grant him a *downward* departure under § 4A1.3 and § 2D1.1. Brief of Appellant at 8. Since this is not an appeal from an *upward* departure from the guideline range, Herrera's appeal in this

case is within the scope of the appellate waiver provisions of his plea agreement.

Second, we must "ascertain whether the defendant knowingly and voluntarily waived his appellate rights." *Hahn*, 359 F.3d at 1325. In making this determination, we look at two factors: "First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.* (citations omitted).

In this case, Herrera stipulated through his plea agreement that the appellate waiver was entered into "freely and voluntarily." Appellant App. at 13. Nonetheless, Herrera argues that his waiver was not knowing as to his claim that the district court erred in failing to grant a downward departure under § 4A1.3 because the government failed to inform him of his offender level. Specifically, Herrera observes that a downward departure under § 4A1.3 would be justified if his criminal offender level "substantially over-represents the seriousness of [his] criminal history." Therefore, Herrera argues he could not have known a departure under § 4A1.3 would be applicable until he knew his criminal offender level. And, Herrera reasons, since he never knew his offender level, he cannot have knowingly waived his right for a downward departure under § 4A1.3. We disagree.

Knowledge of the specific claims of error in sentencing is not a prerequisite for a knowing waiver of the right to appeal the sentence. *Id.* at 1326 n.12. In deciding whether a waiver is knowing and voluntary, the focus is on the "right relinquished" rather than the

6

"prospective result of the sentencing proceeding." *Id.* at 1326. Therefore, whether or not Herrera knew what his criminal offender level would be set at during sentencing, which occurred in a series of hearings from January to April of 2003, has no bearing on whether his waiver was voluntarily and knowingly entered into in November of 2002. Accordingly, we find that Herrera's waiver of his right to appeal his sentence was voluntary and knowing.

Finally, we must "determine whether enforcing the waiver will result in a miscarriage of justice." *Id.* at 1327. This test will be met in only four circumstances: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum," *id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)), or (4) where the waiver suffers from error that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings as that test was employed in *United States v. Olano*, 507 U.S. 725, 732 (1993)," *id.* Of these circumstances, only the last is potentially applicable here.

Here, the district judge was apparently unaware of Herrera's motion for a downward departure and failed to rule upon it. This failure, however, does not "seriously affect the fairness, integrity or public reputation of judicial proceedings." Ordinarily, we do not consider issues not ruled upon below and instead remand the case for the district court to first address the issue. *See R. Eric Peterson Constr. Co. v. Quinteck, Inc.*, 951

7

F.2d 1175, 1182 (10th Cir. 1991). We have so remanded in cases where a district court failed to rule on a defendant's motion for a downward departure. *United States v. Walters*, 269 F.3d 1207, 1219 (10th Cir. 2001). In this case, however, Herrera's plea agreement not only contained a waiver of his right to appeal the sentence imposed; it also stated an agreement that Herrera would "not seek a downward departure from the applicable sentencing guideline range." In other words, Herrera explicitly agreed not to even make the motion he now argues should have been granted. Therefore, the failure of the district court to rule upon Herrera's motion for a downward departure under § 4A1.3 is not sufficient to cause us to vacate his valid waiver of his right to appeal.

In sum, we conclude that this appeal falls within the scope of appellate rights that Herrera "knowingly and voluntarily waived, and that enforcing this waiver would not "result in a miscarriage of justice . . . ." Accordingly, we dismiss Herrera's appeal on this point without reaching its merits. *Hahn*, 359 F.3d at 1325.


**B**

*Departure under § 2D1.1*

Herrera also argues the district court erred in denying him a reduction for a minimal role in the offense under § 2D1.1. A reduction under § 2D1.1, however, is like a reduction under § 4A1.3 in that neither is an upward departure from the guideline range. Therefore, the waiver of the right to appeal sentence that mandated dismissal of Herrera's

above discussed claim of error also applies to this claim. Accordingly, we also dismiss Herrera's appeal on this point without reaching the merits. *Id.*

## III

*Conclusion*

We DISMISS this appeal because Herrera validly waived his right to pursue this appeal.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge