**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CAILE E. NOBLE,

     Defendant - Appellant.

No. 05-4060
(D.C. No. 03-CR-88-01-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MCKAY**, and **O'BRIEN**, Circuit Judges.[**]

     Defendant-Appellant Caile E. Noble, pursuant to a plea agreement, pled

guilty to one count of possession with intent to distribute five grams or more of

actual methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court

applied a carreer offender enhancement under the United States Sentencing

Guidelines Manual (U.S.S.G.) § 4B1.1, and sentenced him to 188 months

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

imprisonment followed by four years of supervised release. He now seeks to appeal his sentence. The government has moved this court to enforce the provision in its plea agreement with Mr. Noble waiving his right to appeal the sentence of the district court. Our jurisdiction arises under 28 U.S.C. § 1291. Because we hold that Mr. Noble waived his right to appeal his sentence by knowingly and voluntarily entering into the plea agreement and that government has not breached the agreement, we grant the government's motion to enforce the plea agreement and dismiss the appeal.

**Background**

The parties are familiar with the facts in this case, and we need only repeat those pertinent to our discussion here. On September 9, 2004, Mr. Noble entered into a plea agreement with the government. The plea agreement contained the following waiver of appellate rights:

> [Defendant] know[s] that the possible penalty provided by law for a conviction of 21 U.S.C. § 841(a)(1) is a minimum of five (5) years, and a maximum of forty (40) years imprisonment and/or a two million dollar ($2,000,000.00) fine.
> * * *
> [Defendant] know[s] [he] may appeal a sentence imposed under this plea of guilty in the following circumstances: (a) If the sentence was imposed in violation of law; (b) If the sentence was a result of an incorrect application of the Sentencing Guidelines; or (3) If the sentence is greater than the Sentencing Guidelines as to fine or imprisonment, term of supervised release or includes a more limiting condition of probation or supervised release than the maximum

established by the guidelines and is greater than any sentence specified in this agreement, if any.

Fully understanding [Defendant's] right to appeal [his] sentence, as explained above, and in consideration of the concessions and commitments made by the United States in this plea agreement, [Defendant] knowingly and voluntarily waive [his] right to appeal any sentence imposed upon [him], and the manner in which the sentence was determined, on any of the grounds in 18 U.S.C. § 3742, except [he] [does] not waive [his] right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction, and (2) an upward departure from the final sentencing guideline range determined by the Court.

\* \* \*

The Government agrees to recommend sentencing at the low end of the guideline range found applicable.

Aplt. App. at 19-21, 23.

Before Mr. Noble entered into the plea agreement, Blakely v. Washington, 542 U.S. 296 (2004) was decided. In response to Blakely, many district courts issued opinions discussing the effect of Blakely on pending federal cases. Of import here, the district court rendered an opinion in United States v. Montgomery, 324 F. Supp. 2d 1266 (D. Utah 2004),[1] wherein it made the following determination:

[T]his Court . . . will continue to apply the sentencing guidelines, but without additional fact-finding by the Court that might result in an upward enhancement or departure that would result in a sentence above that which would otherwise apply under the guidelines, absent those findings. The Court wishes to clarify, however, that

---

[1] The Montgomery opinion was authored by District Judge Ted Stewart, the same judge presiding over this case.

enhancements may be constitutionally appropriate under Blakely if they are based upon facts admitted by Defendant or found by a jury, or if based upon the fact of a prior conviction. See Apprendi v. New Jersey, 530 U.S. 466, 476 (2000).

324 F. Supp. 2d at 1271.

After Mr. Noble entered into the plea agreement, but before he was sentenced, United States v. Booker, 543 U.S. 220 (2005), was decided. On March 14, 2005, Mr. Noble was sentenced. During sentencing, the district court examined and adopted the findings of the pre-sentencing report (PSR). Chronicling Mr. Noble's extensive criminal history, the PSR recommended a career offender enhancement under U.S.S.G. § 4B1.1.[2]

The district court found Mr. Noble's prior convictions qualified for purposes of § 4B1.1 and that § 4B1.1 applied. As a result, after reducing his sentence three levels for acceptance of responsibility, § 3E1.1, the district court concluded Mr. Noble's total offense level was 31. As such, with a criminal history category of VI, Mr. Noble's guideline range was 188 to 235 months.[3] The government recommended a sentence of 188 months. In line with that

_____

[2] Apparently two PSRs were prepared. One PSR considered Mr. Noble's prior convictions and based thereon recommended a career offender enhancement under U.S.S.G. § 4B1.1. The other PSR did not consider his prior convictions and therefore did not recommended a career offender enhancement.

[3] Absent the career offender enhancement, Mr. Noble's total offense level would have been 23. As such, Mr. Noble's guideline range would have been 92 to 115 months.

recommendation, the district court sentenced Mr. Noble to 188 months followed by four years of supervised release.

On appeal, Mr. Noble contends that the district court erred in applying a career offender enhancement under U.S.S.G. § 4B1.1. In the alternative, he argues that the government's failure to recommend 92 months of incarceration, instead of 188 months, violated the plea agreement. While denying error, the government urges that Mr. Noble has waived his right to appeal.

## Discussion

I. *Waiver of Appellate Rights*

We have both "statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement." United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004) (en banc). "Given the importance of plea bargaining to the criminal justice system, we generally enforce plea agreements and their concomitant waivers of appellate rights." Id. at 1318.

*A. Timeliness of the Government's Motion*

As a preliminary matter, Mr. Noble argues that the government's motion should be denied as untimely and that this court should proceed to an examination of the merits of his appeal. His argument centers on the new procedure we

established in <u>Hahn</u> for the enforcement of plea agreements. 359 F.3d at 1328.

In that case, we announced that 10th Cir. Rule 27.2 would be amended to permit

the government to file a "Motion for Enforcement of the Plea Agreement." <u>Id.</u>

Rule 27.2 requires a party to file a dispositive motion within fifteen days of the

notice of appeal. 10th Cir. R. 27.2(A)(3). If the motion is filed after fifteen days,

the party must provide explanation for the delay. <u>Id.</u> The government's motion in

this case was not filed until August 30, 2005, long after the expiration of the

fifteen day period. Nor did it contain an explanation for the delay. As a result,

Mr. Noble contends that the motion is time barred. This argument is foreclosed,

however, by our decision in <u>United States v. Clayton</u>, 416 F.3d 1236, 1238 (10th

Cir. 2005). As we explained in <u>Clayton</u>, "[n]othing in Rule 27.2 provides that a

contention that *can* be raised by motion *must* be raised by motion, on pain of

forfeiture." <u>Id.</u> (emphasis in original). The government is free to forego the

benefit provided by Rule 27.2 and seek enforcement of a valid waiver as part of

its brief on the merits. <u>Id.</u>

 *B. Enforcement Analysis*

 When determining whether to enforce a particular waiver, we inquire (1)

whether the issue on appeal falls within the scope of the waiver, (2) whether the

defendant knowingly and voluntarily waived his rights, and (3) whether enforcing

a waiver would constitute a miscarriage of justice. <u>Hahn</u>, 359 F.3d at 1325.

*1. Scope*

In determining the scope of a waiver of appellate rights, we strictly construe the agreement, reading any ambiguities against the government. Id. Having carefully reviewed the plea agreement in this case, it is clear that the waiver of appellate rights contained therein encompasses Mr. Noble's first issue on appeal. Mr. Noble waived his right to appeal "any sentence imposed upon [him], and the manner in which the sentence was determined, on any of the grounds in 18 U.S.C. § 3742." Aplt. App. at 21. The waiver contained only two exceptions, allowing him to appeal: (1) a sentence above the maximum penalty provided in the statute of conviction, and (2) an upward departure from the final sentencing guideline range determined by the district court. Id. Because Mr. Noble's first issue on appeal is rooted in the district court's determination of his sentence and is not within an exception, it is within the scope of the waiver.

*2. Knowing and Voluntary*

When determining whether the defendant has entered into a plea agreement knowingly and voluntarily, we examine the language of the plea agreement and look for an adequate Federal Rule of Criminal Procedure 11 colloquy. Hahn, 359 F.3d at 1325. The defendant bears the "burden to present evidence from the record establishing that he did not understand the waiver." Id. at 1329 (quoting United States v. Edgar, 348 F.3d 867, 872-73 (10th Cir. 2003)). After reviewing

both the plea agreement and the transcript of the change-of-plea hearing, we are satisfied that Mr. Noble's waiver of appellate rights was knowing and voluntary. In fact, he does not argue that the language of the agreement and the Rule 11 colloquy were insufficient in this regard. Rather, he argues that at the time he entered into the plea agreement, Montgomery was controlling law. In turn, he maintains that he did not knowingly enter into a waiver of appellate rights that would authorize the district court to apply fact found enhancements to his sentence. Aplt. Resp. at 8.

We need not determine whether a defendant's reasonable reliance on a district court opinion—not incorporated by direct or indirect reference in his plea agreement—may render his waiver of appellate rights unknowing because we are unpersuaded that Montgomery supports Mr. Noble's position in this case. To be sure, in Montgomery the district court explained that it would apply the sentencing guidelines "without additional fact-finding by [it] that might result in an upward enhancement or departure that would result in a sentence above that which would otherwise apply under the guidelines, absent those findings." 324 F. Supp. 2d at 1271. However, of particular import here, the Montgomery court went on to clarify that "enhancements may be constitutionally appropriate under Blakely if they are based upon facts admitted by [d]efendant or found by a jury, or *if based upon the fact of a prior conviction*." Id. ((citing Apprendi, 530 U.S. at

476) (emphasis added)). The enhancement at issue, U.S.S.G. § 4B1.1, was applied to Mr. Noble's sentence based on his prior convictions, precisely the type of facts that <u>Montgomery</u> warned may be constitutionally permissible for courts to base enhancements on.[4] Given the <u>Montgomery</u> court's caution in this regard, we cannot conclude that Mr. Noble's alleged reliance on it somehow inhibited him from knowingly waiving his appellate rights.[5]

### 3. Miscarriage of Justice

Finally, in determining whether a waiver of appellate rights is enforceable, we seek to ascertain whether enforcement will result in a miscarriage of justice. <u>Hahn</u>, 359 F.3d at 1327. A miscarriage of justice will only result "(1) where the

---

[4] After <u>Booker</u> and <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), some uncertainty remained as to whether a defendant has a Sixth Amendment right to have prior conviction allegations be charged and proven, or admitted to, beyond a reasonable doubt. For this circuit, such uncertainty was answered in our recent decision in <u>United States v. Moore</u>, 401 F.3d 1220 (10th Cir. 2005). In <u>Moore</u>, we held that neither <u>Booker</u> nor <u>Shepard</u> disturbed our holding in <u>United States v. Dorris</u>, 236 F.3d 582 (10th Cir. 2000), wherein we concluded that even after <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a defendant's prior convictions need not be charged in an indictment and proven to a jury beyond a reasonable doubt. <u>Moore</u>, 401 F.3d at 1223-24.

[5] Mr. Noble notes that "an enhancement based on career criminal status involves the finding of facts beyond the mere existence of a prior conviction. Other factors, such as the [d]efendant's age at the time of conviction must be found through judicial fact finding." Aplt. Resp. at 8. We need not address this passing observation, however, because Mr. Noble does not marshal any evidence that such factual issues are in dispute here or that their resolution would in anyway render his waiver of appellate rights unknowing. <u>See</u> <u>Hahn</u>, 359 F.3d at 1328; <u>Edgar</u>, 348 F.3d at 872-73 (defendant "has the burden to present evidence from the record establishing that he did not understand the waiver.").

district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." Id. (citing United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)).

Mr. Noble asserts that his waiver of appellate rights is not lawful because the sentence exceeded the statutory maximum. Mr. Noble misconceives Hahn's usage of the term statutory maximum. The "statutory maximum" under the Hahn miscarriage of justice inquiry refers to the statute of conviction. See United States v. Porter, 405 F.3d 1136, 1144 (10th Cir. 2005). Here, the relevant statute of conviction to which Mr. Noble pled was 21 U.S.C. § 841, which in this case carried a maximum penalty of 40 years. See Aplt. App. 19 ("[Defendant] know[s] that the possible penalty provided by law for a conviction of 21 U.S.C. § 841(a)(1) is a minimum of five (5) years, and a maximum of forty (40) years imprisonment and/or a two million dollar ($2,000,000.00) fine."). Mr. Noble's 188-month sentence does not exceed the statutory maximum penalty.

Mr. Noble also asserts that his waiver is "otherwise unlawful" because it was not made knowingly and thus to enforce it would undermine the integrity of the judicial proceedings. We have already rejected Mr. Noble's argument that his waiver was not knowingly made. We need not revisit that holding.

## II. *Government's Breach of the Plea Agreement*

Mr. Noble argues in the alternative that the government's failure to recommend 92 months of incarceration, instead of 188 months, violated the plea agreement. A claim that the government has breached its plea agreement with the defendant is a question of law that we review de novo. United States v. Peterson, 225 F.3d 1167, 1170 (10th Cir. 2000); United States v. Courtois, 131 F.3d 937, 938 & n.2 (10th Cir. 1997).

When the government obtains a guilty plea predicated in any significant degree on an agreement with the prosecutor, that agreement must be fulfilled in order to maintain the integrity of the plea. See Santobello v. New York, 404 U.S. 257, 262 (1971). In this circuit, we apply a two-part analysis in order to determine whether the government has breached the plea agreement: (1) we examine the nature of the promise made by the government; and (2) we assess this promise against the backdrop of the defendant's reasonable understanding of that promise at the time that the plea was entered. United States v. Brye, 146 F.3d 1207, 1210 (10th Cir. 1998). Because general contract principles inform our inquiry, we consider the express terms of the agreement and we construe any ambiguities therein against the drafter—i.e., the government. See id.

There is no breach of the agreement in this case. Quite simply, the express terms of the plea agreement required the government to "recommend sentencing

at the low end of the guideline range found applicable." Aplt. App. at 23. The district court, not the government or Mr. Noble, was vested with the role of determining the applicable guideline range. See id. at 21 (reserving Mr. Noble's right to appeal "an upward departure from the final sentencing guideline range *determined by the Court*" (emphasis added)). As noted, the district court concluded that the applicable guideline range was 188 to 235 months. After the district court made this determination, the government fulfilled its obligation under the plea agreement by recommending a sentence at the low end, 188 months. See Aplt. App. at 84 (the government recommending the low end of the guidelines range). The government did not breach the plea agreement.

Based on the foregoing, we hold that Mr. Noble's plea agreement is valid and enforceable. Accordingly, we GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 12 -