FILED
United States Court of Appeals
Tenth Circuit

August 13, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE HERRERA,

Defendant–Appellant.

No. 07-2247
(D.C. No. CIV-05-934-JAP-DJS)
(D.N.M.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Jose Herrera, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For substantially the same reasons set forth by the district court, we deny a COA and dismiss the appeal.

On April 8, 2003, following his plea of guilty pursuant to a plea agreement with the government, Herrera was convicted of possession with intent to distribute cocaine. After classifying Herrera as a career offender under United States Sentencing Guidelines ("Guidelines") § 4B1.1, the district court sentenced him to 262 months' imprisonment. Herrera filed a direct appeal to this court,

challenging the district court's failure to grant him a downward sentencing departure under U.S.S.G. § 4A1.3. We dismissed the appeal because Herrera had validly waived his right to appeal a within-Guidelines sentence through the plea agreement he signed with the government. See United States v. Herrera, 105 Fed. App'x 963, 968 (10th Cir. 2004) (unpublished).

Herrera subsequently moved the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting three grounds for relief: (1) his sentence violated United States v. Booker, 543 U.S. 220 (2005), because his sentence was enhanced using facts not found by a jury; (2) his trial and appellate counsel were ineffective in failing to challenge the district court's sentencing conclusions based on Booker; and (3) his trial counsel was ineffective for misadvising him about his potential sentencing exposure under the plea agreement. The district court summarily dismissed his Booker-related arguments, but referred the ineffective assistance of counsel claim regarding the plea agreement to a magistrate judge. It later adopted the magistrate's recommendation that the ineffective assistance claim be dismissed and entered final judgment on September 11, 2007.

On September 27, 2007, Herrera filed a motion for reconsideration, and three days later he filed a notice of appeal. On October 12, 2007, he filed an application for a COA. The district court denied both the motion for reconsideration and a COA, and Herrera thereafter filed an amended notice of

appeal. We construe Herrera's amended notice of appeal as a renewed application for a COA. Fed. R. App. P. 22(b)(2).[1]

Because the district court denied Herrera's request for a COA, Herrera may not appeal its decision on his § 2255 motion absent a grant of COA by this court. 28 U.S.C. § 2253(c)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Herrera to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Herrera has failed to show a denial of a constitutional right with respect to any of the arguments he advanced in the district court or on appeal.

First, although Herrera raised two Booker-related issues in his original § 2255 motion, he has abandoned them by failing to discuss them in his pro se appellate brief. See United States v. Martin, 528 F.3d 746, 751 n.2 (10th Cir. 2008). Second, Herrera argues on appeal that the government violated his plea

---

[1] After this appeal was initially docketed, we asked the parties to address whether Herrera's motion for reconsideration was filed in the district court within the 10-day filing period prescribed by Federal Rule of Civil Procedure 59(e). Our subsequent review of the full procedural history of the case, however, reveals that the timeliness of the motion does not matter. Because Hererra filed timely notices of appeal as to both the district court's entry of final judgement and its denial of the motion to reconsider, we have jurisdiction regardless of whether the motion was timely filed. See Fed. R. App. P. 4(a)(1)(A).

agreement, citing Santobello v. New York, 404 U.S. 257 (1971). But he failed to raise any such claim below, and we therefore will not consider whether he is entitled to a COA on the issue. See Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999).

In the only issue properly presented to this court, Herrera renews his claim that counsel was ineffective for misadvising him regarding his potential sentencing exposure under the plea agreement. According to his § 2255 motion, counsel told Herrera that he faced only 60 to 70 months' imprisonment under the plea agreement. It was not until after his Presentence Investigation Report ("PSR") was issued, Herrera argues, that he was informed that U.S.S.G. § 4B1.1's career-offender enhancement would likely apply.

Under Strickland v. Washington, 466 U.S. 668, 687 (1984), Herrera must show that his counsel's actions fell below an objective standard of reasonableness, and that this conduct prejudiced the proceedings such that, absent counsel's errors, the outcome would have been different. We employ a strong presumption that counsel acted within the wide range of reasonable professional assistance. Id. at 689.

Herrera has not overcome this basic presumption. From the record before us, it appears that counsel arrived at a mistaken sentencing range because neither counsel, nor the government, knew of Herrera's prior convictions before the probation office prepared Herrera's PSR. According to the district court, such

- 4 -

convictions were not immediately discoverable because Herrera used various aliases when he was convicted of these earlier drug-related offenses. But Herrera, of course, knew of his prior convictions, and he does not claim that he disclosed them to either his counsel or the government at any point prior to issuance of the PSR used by the district court. Moreover, we have previously recognized that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993). This is particularly true here, where Herrera failed to advise counsel of facts necessary to arrive at an accurate Guidelines calculation. In addition, Herrera assented to a plea agreement that recognized that he faced a potential life sentence, and the plea agreement stated that the final sentence would be determined solely based on the district court's discretion.

The petition for a COA is **DENIED**. We **GRANT** Herrera's motion to proceed in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge