FILED
United States Court of Appeals
Tenth Circuit

October 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CAILE E. NOBLE,

Defendant-Appellant.

No. 09-4090
(Case No. 2:07-CV-00158-TS)
(D. Utah)

---

**ORDER**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Appellant, a *pro se* federal prisoner, seeks a certificate of appealability to appeal the district court's denial of his § 2255 habeas petition. Appellant pled guilty in the District of Utah to possession of methamphetamine with intent to distribute. In his plea agreement, he waived his right to appeal or collaterally attack the sentence imposed unless it was above the maximum statutory limit or involved an "upward departure from the final sentencing guideline range determined by the Court." (R. Vol. I at 40.) The district court calculated a guideline range of 188 to 235 months and imposed a sentence at the bottom of

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this range. Appellant then filed a direct appeal in this court, but we held that the plea agreement was valid and enforceable, and we therefore dismissed the appeal. *See United States v. Noble*, 175 F. App'x 185 (10th Cir. 2006).

Appellant then filed a § 2255 habeas petition asserting various claims relating to his sentence, the plea agreement, and the conduct of defense counsel and the prosecuting attorney. The district court held that Appellant's claims were waived except as they related to the validity of his plea or the waiver of appellate rights. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). As for Appellant's claims that his attorney coerced him into signing the plea agreement by indicating that he would receive a sixty-month sentence and failed to properly investigate Appellant's criminal record to discover that he would likely receive an eight-level career criminal enhancement, the district court concluded that Appellant had not satisfied the standard for showing ineffective assistance of counsel. The court noted that there was no evidence of coercion and that Appellant had proffered no reason why he did not inform his counsel about his criminal history. When a defendant withholds the information required to trigger an investigation into his criminal history, counsel's failure to conduct an independent investigation and the related failure to correctly calculate the potential sentencing range do not constitute deficient representation. *See United States v. Rhodes*, 913 F.2d 839, 843-46 (10th Cir. 1990). The district court also concluded that Appellant had not demonstrated prejudice because he had not

shown a reasonable probability that, but for counsel's alleged errors, he would have insisted on going to trial. If Appellant had gone to trial and been convicted, he would have faced a guideline range of 262-327 months' imprisonment, a significant increase from the 188 month guideline sentence he actually received. Moreover, Appellant pled guilty after being informed by the court that its final calculation of his sentence might differ from any calculation made by his attorney, and we found no prejudice in such circumstances in the unpublished case of *United States v. Gordon*, 289 F. App'x 302, 304 (10th Cir. 2006).

To obtain a certificate of appealability, Appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After carefully reviewing Petitioner's filings in this court, the district court's disposition, and the record on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of Petitioner's claims. Therefore, for substantially the reasons set forth in the district court's thorough decision and order, we **DENY** Petitioner's request for a certificate of appealability and

-3-

**DISMISS** the appeal.  We **GRANT** his motion for leave to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge