**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 9, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OLIVER KEITH BROWNER,

Defendant-Appellant.

No. 05-6005
(Western District of Oklahoma)
(D.C. No. CR-03-242-01-T)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

## I. INTRODUCTION

Defendant-Appellant, Oliver Browner, was charged in a multicount indictment with drug and firearms offenses. Browner pleaded guilty and waived his right to appeal, but subsequently moved to withdraw his guilty plea based, in part, on a claim of ineffective assistance of counsel. On appeal, Browner claims the ineffective assistance of his counsel in refusing to subpoena telephone records

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

and witnesses left him no choice but to plead guilty. He alleges the district court abused its discretion by denying his motion to withdraw his guilty plea and contends his plea should be set aside as unenforceable. Browner also seeks a remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

For the reasons set forth below, this court **dismisses** Browner's ineffective assistance claim. As to Browner's sentencing claim, however, we **remand** this case for resentencing.

## II.    FACTS

After the commencement of trial, Browner, assisted by counsel, entered into plea negotiations with the Government. Browner agreed to plead guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. In exchange, the Government agreed to dismiss the remaining counts in the indictment and an Information seeking enhanced punishment. Pursuant to the plea agreement, Browner agreed to waive his right to appeal or collaterally challenge his guilty plea and any other aspect of his conviction, except as to subsequent changes in the law determined by this court or the Supreme Court to be applicable on direct appeal. After a colloquy regarding Browner's waiver of his rights, mandated by Rule 11 of the Federal Rules of Criminal Procedure, the district court accepted Browner's guilty plea.

At the beginning of his sentencing proceeding, however, Browner denied his guilt. The district court interpreted Browner's denial as a motion to withdraw the guilty plea and held an evidentiary hearing. Browner claimed he only pleaded guilty to avoid a mandatory life sentence. He argued his counsel had ineffectively represented him by failing to subpoena witnesses and telephone records, thereby violating his Sixth Amendment right to counsel. Browner told the court he would not have pleaded guilty if his counsel had issued the subpoenas. The court denied Browner's motion.

Browner also objected to the mandatory application of the United States Sentencing Guidelines. Overruling Browner's objection, the district court applied the Guidelines in a mandatory fashion and sentenced Browner to life imprisonment followed by five years' supervised release. The court also imposed an alternative sentence of thirty-five years in the event the Guidelines were subsequently declared unconstitutional.

Browner filed a notice of appeal and the Government filed a motion to enforce the appeal waiver provision of the plea agreement. In light of this court's post-*Booker* decisions addressing a defendant's right to appeal non-constitutional *Booker* error, the Government withdrew its motion to enforce the plea agreement with respect to the sentence imposed.

## III. DISCUSSION

### A. Browner's Ineffective Assistance Claim Must Be Brought in Collateral Proceedings

This court has jurisdiction under 28 U.S.C. § 1291 to consider Browner's appeal from the district court's denial of his motion to withdraw his guilty plea. *United States v. Hahn*, 359 F.3d 1315, 1320 (10th Cir. 2004) (en banc). As Browner concedes, however, the plea agreement contains a waiver of his appellate rights. This court has held "an appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal, and thus falls within the plain language of the waiver provision." *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) (quotation omitted). We must, therefore, first determine whether Browner's waiver of his appellate rights is enforceable. If it is, this court must dismiss Browner's appeal from the denial of his motion to withdraw his guilty plea. *Hahn*, 359 F.3d. at 1328.

The enforceability of an appeal waiver is assessed according to a three-pronged inquiry: (1) whether the appeal falls within the scope of the waiver, (2) whether the defendant's waiver of his rights was knowing and voluntary, and (3) whether a miscarriage of justice would result from enforcement of the waiver. *Id.* at 1325. A miscarriage of justice can only result where one of four situations has occurred, including when "ineffective assistance of counsel in connection with the

negotiation of the waiver renders the waiver invalid." *Id.* at 1327 (citing *Elliott*, 264 F.3d at 1173).

Browner's claim implicates only the third prong of *Hahn* and, therefore, we need only address the third prong. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). Browner argues his counsel's failure to subpoena witnesses and telephone records left him no choice but to plead guilty, and amounted to ineffective assistance of counsel in connection with the negotiation of the plea and the waiver. His counsel's inaction, he argues, amounts to a miscarriage of justice under *Hahn* and should entitle him to withdraw his plea.

After reviewing the record and Browner's allegations, this court determines Browner's ineffective assistance of counsel claim is not barred by the appeal waiver. His claim implicates the narrow exception recognized in *Hahn* and *Elliott* and explained in *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001), that claims of ineffective assistance of counsel in negotiation of a plea agreement cannot be barred by the agreement's appeal waiver provision. Browner's narrowly drawn argument is that his counsel was unwilling to subpoena telephone records and a witness that would have provided defenses to the charges against him and proven his innocence. He contends he would not have pleaded guilty had his lawyer obtained the exculpatory evidence Browner asserts was available. Browner, in essence, argues he had no choice but to accept the plea, since "three-fourths of his case was based on the [disputed] telephone

calls." In *Cockerham* this court adopted the view that "[i]t is altogether inconceivable to hold such a waiver enforceable when it would deprive a defendant of the opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation." *Cockerham*, 237 F.3d at 1184 (quotation omitted). Browner's claim makes the required connection between ineffective assistance of counsel and his acceptance of the plea agreement and appeal waiver. His claim, therefore, falls within the *Elliott/Hahn* miscarriage-of-justice exception to the enforceability of his appeal waiver.

Claims of ineffective assistance of counsel, however, should generally be brought in a collateral proceeding rather than on direct appeal. *Hahn*, 359 F.3d at 1327 n.13; *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims . . . brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). Absent limited exceptions not applicable here, this court will dismiss such claims, determining them to be more appropriate for factual development during collateral proceedings in the district court. *Galloway*, 56 F.3d at 1240; *United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003) (noting this court's preference to defer consideration even when issues are sufficiently developed). Although the district court in this case did consider some of Browner's complaints with his counsel's performance, the factual record is not sufficiently developed for this court to

consider the merits of Browner's claim and we see no other reason to depart from our general practice.

This court, therefore, declines to reach the merits of Browner's ineffective assistance of counsel claim. If Browner pursues this claim, he must do so under 28 U.S.C. § 2255. *Cockerham*, 237 F.3d at 1187 ("[A] plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.").

**B.    Non-Constitutional *Booker* Error Requires Remand**

This court has jurisdiction to review Browner's sentence pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. At sentencing, Browner objected to the imposition of a mandatory Guidelines sentence as potentially inconsistent with the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The district court overruled the objection and imposed a life sentence followed by five years' supervised release; the court also imposed an alternative sentence of thirty-five years' imprisonment in the event the Supreme Court declared the Guidelines unconstitutional. Browner's appeal waiver specifically preserved his right to appeal based on changes in the law applicable on direct appeal.

The district court's mandatory application of the Sentencing Guidelines in sentencing Browner to life imprisonment constituted non-constitutional *Booker* error. *See United States v. Gonzales-Huerta*, 403 F.3d 727, 731–32 (10th Cir.

2005) (en banc). When a defendant preserves a non-constitutional *Booker* claim, as Browner did here, this court reviews the district court's error for harmlessness. *United States v. Dowell*, 430 F.3d 1100, 1112 (10th Cir. 2005). The Government bears the burden of showing, by a preponderance of the evidence, that the error in sentencing did not affect the defendant's substantial rights. *Id.* A sentencing error does not affect a defendant's substantial rights if it "did not affect the sentence imposed by the district court." *Id.*

In this case, the district court's alternative sentence of thirty-five years was far below the Guidelines' mandatory life sentence. The Government concedes that, under these circumstances, it cannot show the district court's error was harmless. Therefore, this court **remands** Browner's case to the district court for resentencing in accordance with *Booker*.

## IV. CONCLUSION

For the reasons given above, this court **dismisses** Browner's appeal from the district court's denial of his motion to withdraw his guilty plea. Browner must pursue his ineffective assistance of counsel claim, if at all, in a collateral proceeding. Because of the district court's sentencing error, however, we **remand** this case for the sole purpose of resentencing.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-8-