**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OLIVER KEITH BROWNER,
also known as Big Papa,

Defendant-Appellant.

No. 07-6066
(D.C. No. 03-CR-242-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Defendant Oliver Keith Browner pleaded guilty in March 2004, to one

count of conspiracy to possess with intent to distribute 50 grams or more of a

substance containing a detectable amount of cocaine base (crack), and 500 grams

or more of a substance containing a detectable amount of cocaine. Browner's

plea agreement included an appeal waiver, with certain exceptions. Browner has

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

filed a notice of appeal challenging the sentence he received on remand from a prior appeal, and the government has moved to enforce Browner's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). We grant the motion and dismiss the appeal.

Browner agreed to waive his right to appeal his guilty plea and any other aspect of his conviction, or to appeal "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case," except the appeal waiver does "not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect." Motion to Enforce, Ex. 2 (Plea Agreement) at 7. The district court initially imposed a life sentence, rejecting Browner's argument that the mandatory application of the Sentencing Guidelines to impose that sentence was potentially inconsistent with *Blakely v. Washington*, 542 U.S. 296 (2004).

Browner appealed, claiming ineffective assistance of counsel and sentencing error under *United States v. Booker*, 543 U.S. 220 (2005), decided after the date of Browner's guilty plea and sentencing. *Booker* held that the mandatory Sentencing Guidelines were unconstitutional, and rendered the Guidelines advisory. *Id*. at 245-46. The government filed a motion to enforce the

appeal waiver, but later withdrew its motion to enforce the appeal waiver with respect to the *Booker* error. *See United States v. Taylor*, 413 F.3d 1146, 1151-53 (10th Cir. 2005) (holding that a *Booker* claim does fall within a "change in law" exception to an appeal waiver). On appeal, this court dismissed Browner's ineffective assistance of counsel claim (because such a claim can only be raised in a collateral proceeding under 28 U.S.C. § 2255), and remanded the case to the district court for resentencing because its mandatory application of the Guidelines to impose a life sentence constituted non-constitutional *Booker* error. *United States v. Browner*, 211 F. App'x 781, 784-85 (10th Cir. 2007).

On remand, the district court sentenced Browner to thirty-five years' imprisonment, which is below the statutory maximum and the advisory Sentencing Guideline range of life imprisonment. Browner has now filed a notice of appeal from that sentence, stating in his docketing statement that he was "denied his rights under the Sixth Amendment at his resentencing." Docketing Statement at 4. As noted, the government has filed a motion to enforce the appeal waiver. Under *Hahn*, we will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325.

Browner contends his appeal is not within the scope of the appeal waiver because he was resentenced based on a change in Tenth Circuit and Supreme

-3-

Court law, namely *Booker*. He argues that because he did not waive his right to appeal challenges based on changes in Tenth Circuit or Supreme Court law, and because his resentence resulted from a successful challenge based on a change-in-law *Booker* claim, it follows that his appeal from that resentence must fall within the change-in-the-law exception to his appeal waiver. We disagree. The exception to Browner's appeal waiver applies only to "appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement." Plea Agreement at 7. The claims that Browner seeks to raise on appeal are that there was a sentencing disparity error and that his Sixth Amendment rights were violated at his resentencing. These claims do not, on their face, fall within this exception because neither are based on any post-plea change in the law. In response to the government's motion to enforce the appeal waiver, Browner has not articulated any more specific appellate challenge that comes within the change-in-the-law exception. Thus, we conclude that Browner's proposed appeal falls within the scope of the appeal waiver, not its exceptions.

Browner also contends that enforcing the appeal waiver would be a miscarriage of justice, claiming that there is a sentencing error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Browner does not allege that the waiver itself is unlawful, but questions an alleged sentencing disparity between a similarly situated codefendant. This is

precisely the type of attack we sought to foreclose in *Hahn* and, therefore, we find no miscarriage of justice. *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (reiterating prior holdings that sentencing objections do not establish that enforcement of the appeal waiver would be unlawful, which is the focus of the miscarriage-of-justice inquiry).

The government's motion is GRANTED and the appeal is dismissed. The mandate shall issue forthwith.


ENTERED FOR THE COURT
PER CURIAM