FILED
United States Court of Appeals
Tenth Circuit

April 26, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OLIVER KEITH BROWNER,

Defendant-Appellant.

No. 12-6033
(D.C. No. 5:03-CR-00242-D-1)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY, EBEL**, and **TYMKOVICH**, Circuit Judges.

Defendant Oliver Keith Browner pleaded guilty to one count of conspiracy

to possess with intent to distribute 50 grams or more of a substance containing a

detectable amount of cocaine (crack), and 500 grams or more of a substance

containing a detectable amount of cocaine. Pursuant to his plea agreement,

Mr. Browner waived his right to appeal his sentence, provided his sentence was

within the applicable sentencing guidelines range. The government has moved to

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

enforce defendant's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  We grant the motion and dismiss the appeal.

Mr. Browner was originally sentenced to life imprisonment.  After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), he was resentenced to a term of imprisonment of 420 months.  The Sentencing Commission then made certain retroactive changes to the sentencing guidelines' drug quantity tables for crack cocaine offenses.  Based on these changes, Mr. Browner and the United States filed a joint motion pursuant to 18 U.S.C. § 3582(c)(2) requesting a reduction of Mr. Browner's sentence.

After applying the new sentencing guidelines, Mr. Browner's amended guidelines range was 360 months' to life imprisonment.  The district court granted the § 3582(c)(2) motion and reduced the term of Mr. Browner's imprisonment from 420 months to 360 months, the bottom of the amended guidelines range.  Mr. Browner has filed an appeal from that sentencing decision.

Mr. Browner was represented by counsel at resentencing, but he filed his notice of appeal pro se and we granted his counsel's motion to withdraw.  We gave Mr. Browner an opportunity to file a pro se response to the government's motion to enforce, with several extensions of time to respond.  To date, he has not filed a response.

We have previously enforced the appeal waiver in Mr. Browner's plea agreement in one of his earlier attempts to appeal his sentence. *See United States v. Browner*, 225 F. App'x 761, 763 (10th Cir. 2007) (per curiam). We see no reason to depart from that decision in this case. Mr. Browner's appeal from his within-guidelines sentence falls within the scope of his appeal waiver; his waiver was knowing and voluntary; and enforcing the waiver would not result in a miscarriage of justice. Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM