**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARRICK S. KLIMA,

Defendant-Appellant.

No. 07-3073
(D.C. No. 06-CR-40101-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Defendant Derrick S. Klima pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). As part of the plea agreement, Klima waived his right to "appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." Mot. to Enforce, Attach. 2 (Plea Agreement) at 6. Specifically, Klima waived

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court" and further waived any attempt to collaterally attack the sentence pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Mot. to Enforce, Attach.2 (Plea Agreement) at 6.

After the plea agreement was accepted by the district court, both the probation officer in his presentence report and the government argued that Klima's prior conviction, aggravated indecent solicitation of a child, should be considered a crime of violence for purposes of sentencing. Klima states that "[i]t was not until counsel received the initial draft of the presentence report that Mr. Klima was made aware of the enhanced sentence for a prior conviction involving a crime of violence and its application to his case." Resp. to Mot. to Enforce at 6. Under U.S.S.G. § 2K2.1, if the prior felony was considered a crime of violence, a mandatory base offense level of 20 applied rather than the offense level of 12 as had been represented to Klima by counsel.

The parties argued the crime-of-violence categorization at the sentencing hearing, with the district court concluding that Klima's prior felony was a crime of violence and that the appropriate sentence was twenty-seven months' incarceration with two years' supervised release, a sentence within the applicable advisory guideline range.

Although Klima waived his appellate rights, he nonetheless filed this appeal challenging the district court's determination of his sentence. The government has filed a motion to enforce Klima's waiver of appellate rights under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Klima has responded that the motion should be denied because enforcing the plea agreement will result in a miscarriage of justice due to the ineffective assistance of counsel he received in connection with the negotiation of the appeal waiver. As discussed below, we conclude that Klima's ineffective assistance of counsel argument is not barred by the appeal waiver, but we dismiss the appeal because this matter is more properly brought under 28 U.S.C. 2255.[1]

The enforceability of an appeal waiver is assessed according to a three-pronged inquiry: (1) whether the appeal falls within the scope of the waiver, (2) whether the defendant's waiver of his rights was knowing and voluntary, and (3) whether a miscarriage of justice would result from enforcement of the waiver. *Hahn*, 359 F.3d at 1325. A miscarriage of justice can only result

_____

[1] Klima argues that the government's motion to enforce the plea agreement was not filed within fifteen days of his notice of appeal and thus should be denied as untimely. We note that our Rule 27.2(A)(3) requires only that a motion to enforce a plea agreement be filed within fifteen days after the notice of appeal "[i]f possible." An untimely motion will be accepted for filing upon a showing of good cause. *Id.* The government's representation that, at the time it filed its motion for enforcement of the plea agreement, the transcript of the change of plea hearing was not yet available establishes good cause for the government's late filing.

where one of four situations has occurred, including when "'ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid.'" *Id.* at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

Klima argues that his counsel's failure to understand and subsequently explain to him the risk that his previous conviction could be deemed a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A) amounted to ineffective assistance of counsel in connection with the negotiation of the plea and the waiver. His counsel's deficient performance, he argues, amounts to a miscarriage of justice under *Hahn*, resulting in an involuntary and unknowing waiver of his rights which should entitle him to withdraw his plea.

As support for his claim of ineffective assistance, Klima points to counsel's statements made during the sentencing hearing, which Klima maintains demonstrate counsel's (and logically his own) lack of awareness of the extent to which his appellate rights would be limited by the appeal waiver. Specifically, after the district court ruled that Klima's prior felony was a crime of violence, counsel asked the court to grant Klima an appeal bond because, given the fact of incarceration, "we think that issue is important enough that the Tenth Circuit should make that decision, because of the loss of liberty in this case." Mot. to Enforce, Attach. 3 (Sentencing Hr'g Tr.) at 24. Counsel further stated that

if . . . the Court issues a sentence of incarceration in this case, . . . that one issue before the Tenth Circuit I think would have to be appealed. Even with the plea agreement, there's a question of the total offense score if the Court issues a range of sentence within the total offense score.

*Id.*

After the district court stated its opinion that Klima had waived his appellate rights by his plea agreement, counsel (despite reading aloud the waiver provisions in open court) argued that, if the district court were in error as to an offense level of 20, "we would have a right to appeal that determination as to the basic offense level determined by the Court." *Id.* at 29.

Klima alleges that the ineffective assistance of counsel he received in the way of misinformation and/or lack of information as to the risk he faced on sentencing, resulted in an unknowing waiver of his appellate rights. To buttress this claim, Klima argues that

[w]ith full benefit of counsel, Mr. Klima could have chosen either to proceed to trial or to plead guilty without entering into an agreement that gave up his appellate rights – the latter of these choices being particularly appropriate where there were no other charges to be dismissed pursuant to the plea agreement.

Resp. to Mot. to Enforce at 7. Klima contends that the plea agreement gave him "little more benefit tha[n] if he had entered an 'open' guilty plea." *Id.* at 9-10.

After reviewing the record and Klima's allegations, this court determines that Klima's ineffective assistance of counsel claim is not barred by the appeal waiver. His claim implicates the narrow exception recognized in *Hahn* and *Elliott*

and explained in *Cockerham*, 237 F.3d at 1184, that claims of ineffective assistance of counsel in negotiation of a plea agreement cannot be barred by the agreement's appeal-waiver provision. Klima's narrowly drawn argument is that his counsel fundamentally misunderstood the scope of the appeal waiver and did not know of or apprise Klima of the risk that his prior felony could be considered a crime of violence. *See United States v. Broce*, 488 U.S. 563, 574 (1989) (noting that "[a] failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel"). As such, he impugns counsel's performance in the negotiation of the plea agreement and waiver. In *Cockerham* this court adopted the view that "[i]t is altogether inconceivable to hold such a waiver enforceable when it would deprive a defendant of the opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation." 237 F.3d at 1184 (quotation omitted). Klima's claim makes the required connection between ineffective assistance of counsel and his acceptance of the plea agreement and appeal waiver. His claim, therefore, falls within the *Elliott/Hahn* miscarriage-of-justice exception to the enforceability of his appeal waiver.[2]

---

[2] Klima's claim of ineffective assistance does not go to his counsel's performance at sentencing, a claim waived in his plea agreement. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that this type of claim is waivable). Klima cites to the record of the sentencing hearing only for evidence going to counsel's misunderstanding of the already-negotiated waiver.

Claims of ineffective assistance of counsel, however, should generally be brought in a collateral proceeding rather than on direct appeal. *Hahn*, 359 F.3d at 1327 n.13; *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims . . . brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). Absent limited exceptions not applicable here, this court will dismiss such claims, determining them to be more appropriate for factual development during collateral proceedings in the district court. *Galloway,* 56 F.3d at 1240; *United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003) (noting this court's preference to defer consideration even when issues are sufficiently developed). The factual record here is not sufficiently developed for this court to consider the merits of Klima's claim, and we see no other reason to depart from our general practice.

This court, therefore, declines to reach the merits of Klima's ineffective assistance of counsel claim.[3] If Klima pursues this claim, he must do so under 28 U.S.C. § 2255. *Cockerham*, 237 F.3d at 1187 ("[A] plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.").

---

[3] To the extent Klima argues that the district court erred in failing to discuss the appellate waiver during the plea colloquy, we find this claim meritless. The district court adequately explained to Klima that his plea agreement contained a waiver of his right to appeal. Tr. Change of Plea Hr'g at 11.

The government's motion to enforce the waiver is GRANTED, and the appeal is DISMISSED. Klima must pursue his ineffective assistance of counsel claim, if at all, in a collateral proceeding.

The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM