**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 20, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JERRY DON BICE,

    Defendant-Appellant.

No. 04-7086

(D.C. No. 04-CR-30-W)

(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

    On February 27, 2004, Defendant pled guilty to one count of using a telephone to facilitate the commission of a drug offense in violation of 21 U.S.C. § 843(b). Because of Defendant's prior criminal convictions, the government

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed a 21 U.S.C. § 851 information. This filing placed a statutory maximum of eight years on Defendant's sentence.

At sentencing, Defendant objected to several paragraphs of the Presentence Report alleging that they contained inadmissable hearsay. Defendant also objected to the sentencing process as being violative of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004), *overruled by United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), because the district court could and did determine the quantity of drugs involved by a preponderance-of-the-evidence standard. Rec., Vol. I, Tab 12, at 3. The district court overruled Defendant's objections. *Id.*, Vol. III, at 98-103. Defendant was subsequently sentenced to ninety-six months' incarceration to be followed by a twenty-four-month term of supervised release. *Id.* at 107-108.

On appeal, Defendant raises the same arguments. Before we address the merits of Defendant's appeal, however, we must determine, as requested by the government, whether Defendant waived his appellate rights. Paragraph No. 16 of the plea agreement states:

> Defendant expressly waives the right to appeal defendant's sentence on any ground, except to challenge an upward departure from the appli-cable [sic] guideline range as determined by the Court. Defendant specifically waives any appeal rights conferred by Title 18, United States Code, Section 3742, any post-conviction proceedings, and any habeas corpus proceedings.

Aple. Br., Tab A, at 7 ("Plea Agreement"). The government contends that this

language in the plea agreement demonstrates Defendant's intent to waive his right to appeal the issues presented to this court.

Our general rule favors enforcing "plea agreements and their concomitant waivers of appellate rights." *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc). In deciding whether it is appropriate to enforce a waiver, we must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

The broad language of Defendant's waiver, "Defendant expressly waives the right to appeal defendant's sentence on *any* ground, except to challenge an upward departure from the applicable guideline range as determined by the Court," Aple. Br., Tab A, at 7 ("Plea Agreement") (emphasis added), clearly demonstrates his intent to waive all potential issues on appeal except for the one basis specifically exempted. Because his current argument on appeal does not relate to a challenge of an upward departure, Defendant's current issues on appeal are within the scope of his waiver.

Defendant has not argued that his waiver was not knowingly and voluntarily given; therefore, we need not address this issue and presume it admitted. *United States v. Anderson*, 374 F.3d 955, 958-59 (10th Cir. 2004)

(determining that appellant effectively admitted to knowingly and voluntarily waiving his appellate rights because he did not contest the issue).

Finally, Defendant has also failed to argue that enforcement of the waiver will result in a miscarriage of justice. We have outlined the following four situations where we will not enforce a waiver because doing so would result in a miscarriage of justice: "'[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'"[1] *Hahn*, 359 F.3d at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). After reviewing the facts of this case, we conclude that the record does not support an argument sufficient to demonstrate a miscarriage of justice.

---

[1] In outlining what is sufficient to establish the fourth exception to the waiver rule, we held that "'the error [must] seriously affect[] the fairness, integrity or public reputation of [the] judicial proceedings.'" *Hahn*, 359 F.3d at 1327 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Accordingly, we enforce Defendant's waiver of his appellate rights found in his Plea Agreement and **DISMISS** this appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge