**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 13, 2007**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAIMON T. PORTER,

Defendant-Appellant.

No. 06-3298

(D. Kan.)

(D.C. No. 05-CV-3384-CM)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Daimon T. Porter, a federal prisoner proceeding *pro se*, seeks a certificate

of appealability (COA) that would allow him to appeal from the district court's

order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B). Because we conclude that Mr. Porter has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

Mr. Porter pled guilty in August of 2003 to one count of a nine-count

indictment, admitting that he engaged in a continuing criminal enterprise to

possess and distribute crack cocaine and to maintain a place for distribution of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.

crack cocaine, in violation of 21 U.S.C. §§ 841 and 856.  As part of his plea bargain, Mr. Porter agreed to waive all rights to appeal or collateral attack.  The district court sentenced him to 180 months in prison.  On September 26, 2005, Mr. Porter filed a *pro se* petition for habeas corpus relief under 28 U.S.C. § 2255.  Porter argued that his indictment was fatally flawed, as count two, alleging a continuing criminal enterprise, failed to identify the "continuing series" of drug-related violations necessary to support a conviction.  The government moved to enforce Mr. Porter's appeal waiver.  The district court concluded that the indictment was sound and the waiver enforceable, and denied Mr. Porter's petition.  He now raises the same issues to this Court.

A district court's denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA.  28 U.S.C. § 2253(c)(1)(B).  Congress has determined that a COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The applicant may satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims," or alternatively, "that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

We can offer Mr. Porter no such encouragement.  He has waived his right to appeal any portion of his conviction or sentence, and he gives us no reason to

believe that waiver was invalid. This Court will enforce appeal waivers against later collateral attacks so long as (1) the disputed appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

As to the first prong, the issue Mr. Porter raises here—the adequacy of his indictment—falls squarely within the scope of his waiver. Contrary to Mr. Porter's suggestion, a § 2255 petition is a "collateral attack" covered by the terms of the waiver: "Defendant knowingly and voluntarily waives any right to appeal *or collaterally attack* any matter in connection with this prosecution, conviction, and sentence," the agreement reads. R. doc. 187 at 6 (emphasis added). Mr. Porter does not contend, per prong two of the *Hahn* test, that his agreement was anything other than voluntary and knowing. And indeed, his extended colloquy with the district court before formally concluding the plea bargain suggests he understood the scope of the waiver and its effect. Finally, Mr. Porter does not argue that his counsel was ineffective, or that the district court relied on any impermissible factors in sentencing, or that his sentence exceeds the statutory maximum, or that the waiver was otherwise unlawful—in short, he makes no argument that enforcing his plea agreement would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1327 (citing *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

The only reason Mr. Porter offers for setting aside his voluntary waiver is related to his substantive claim: because his indictment was fatally flawed, he argues, the district court was deprived of jurisdiction both to hear his case and to ratify his plea bargain. And jurisdictional challenges, he posits, can never be waived. Even were this last claim correct, Mr. Porter has alleged no jurisdictional defect here. A defective indictment does not deprive the district court of subject matter jurisdiction, *United States v. Cotton*, 535 U.S. 625, 631 (2002), which it possesses over all offenses against the United States, 18 U.S.C. § 3231.

For that matter, though we need not reach the issue, we doubt Mr. Porter's indictment was constitutionally defective. We have held previously that a continuing-conspiracy-enterprise indictment is sufficient where, as here, the instrument charges the defendant in the language of the relevant statute and alleges at least three predicate violations for the continuing conspiracy in other counts. *United States v. Staggs*, 881 F.2d 1527, 1530 (10th Cir. 1989).

Mr. Porter's waiver of appeal is valid and enforceable. He has raised no constitutional claim on which jurists of reason could disagree. Accordingly, we **DENY** Mr. Porter's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge