FILED
United States Court of Appeals
Tenth Circuit

January 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL WADE KENT,

    Defendant-Appellant.

No. 09-6158

(D.C. No. CR-07-00178-HE-1)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant Michael Kent pled guilty to one count of knowingly transporting child

pornography in interstate commerce by means of the Internet, in violation of 18 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2252A(a)(1), and was sentenced to a term of imprisonment of 210 months. Kent now seeks to appeal his sentence to assert that the restriction on Internet usage included in his special conditions of supervised release was overbroad, and that his counsel was ineffective in failing to present mitigating evidence at sentencing. The government, however, argues that Kent waived his right to appeal his sentence under the express terms of the parties' written plea agreement. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we agree that Kent waived his right to appeal his sentence and therefore dismiss the appeal.

I

On July 25, 2007, a federal grand jury returned a six-count indictment charging Kent with one count (Count 1) of using the Internet to knowingly attempt to persuade a person he believed to be a 14-year-old girl to engage in sexual activity for which Kent could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b), two counts (Counts 2 and 3) of knowingly transporting child pornography in interstate commerce by means of the Internet, in violation of 18 U.S.C. § 2252A(a)(1), one count (Count 4) of using the Internet to knowingly attempt to transfer obscene matter to a person Kent believed to be a 14-year-old girl, in violation of 18 U.S.C. § 1470, and two counts (Counts 5 and 6) of knowingly possessing material that contained images of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).

On December 21, 2007, Kent waived his right to a jury trial and filed a petition to enter a plea of guilty to Count 2 of the indictment. On that same date, the parties filed

with the district court a copy of their written plea agreement. Under the terms of the plea agreement, Kent "knowingly and voluntarily waive[d] his right to . . . [a]ppeal, collaterally challenge, or move to modify . . . his sentence as imposed by the [district court] and the manner in which the sentence [wa]s determined, provided the sentence [wa]s within or below the advisory guideline range determined by the [district court] to apply to th[e] case." App., Vol. 1 at 33. The sole exception to this waiver of appellate rights provision authorized Kent to "appeal a sentence above the advisory sentencing guideline range determined by the [district court] to apply to th[e] case." Id. at 34.

On February 29, 2008, the probation office submitted to the district court and parties the presentence investigation report (PSR). The PSR, in a section entitled "Mental and Emotional Health," recommended that the district court impose several "special conditions" on Kent's computer use, including prohibiting Kent from "possess[ing] or us[ing] a computer with access to any on-line computer service at any location (including place of employment) without the prior written approval of the probation officer." Id., Vol. 2 at 14. Although Kent submitted written objections to portions of the PSR, he did not object to the proposed special conditions.

At a sentencing hearing conducted on April 9, 2008, the district court sentenced Kent to a term of imprisonment of 210 months, a term at the bottom of the undisputed advisory guideline range, to be followed by a five-year term of supervised release. The district court also "impose[d] as special conditions of supervision the specific conditions that [we]re identified in . . . the [PSR] that contain[ed] various specific restrictions that

3

[we]re tied to the nature of the offense of conviction," including the prohibition on Kent possessing or using a computer with access to any on-line computer service, without prior authorization from his probation officer. Kent asserted no objection to these conditions of supervised release.

The district court entered judgment the following day, April 10, 2008. An amended judgment was subsequently entered on July 7, 2009. Kent filed a notice of appeal on August 5, 2009.

II

Kent asserts two challenges on appeal to the sentence imposed by the district court. First, he contends that the special condition of supervised release prohibiting him from possessing or using a computer with access to any on-line computer service, without prior authorization from his probation officer, "is overbroad, and greater than necessary to meet the goals of supervised release." Aplt. Br. at 9. Second, Kent contends that his trial counsel was ineffective for failing to present at the time of sentencing mitigating evidence regarding Kent's serious medical conditions. The government asserts, however, and we agree, that Kent waived his right to appeal his sentence.

In United States v. Hahn, 359 F.3d 1315, 1324 (10th Cir. 2004) (en banc), we "consider[ed] how we should resolve appeals brought by defendants who have waived their appellate rights in a plea agreement." We ultimately adopted a three-prong analysis focusing on (1) whether the disputed appeal falls within the scope of the waiver of appellate rights, (2) whether the defendant knowingly and voluntarily waived his

4

appellate rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. Id. at 1325. We proceed to apply that analysis here.

*Scope of Kent's waiver*

The scope of Kent's waiver of appellate rights was quite broad. As noted, Kent waived his right to appeal "his sentence as imposed by the [district court] . . . provided the sentence [wa]s within or below the advisory guideline range determined by the [district court] to apply to [his] case." ROA, Vol. 1 at 33. In other words, the plea agreement expressly precluded any appeal of Kent's sentence unless the "sentence [was] above the advisory sentencing guideline range determined by the [district court] to apply to th[e] case." Id. at 34.

Because the sentence imposed by the district court fell within the scope of the undisputed advisory guideline range, Kent is thus prohibited by the waiver of appellate rights from asserting any challenge to his sentence. Although Kent argues in reply to the government's assertion of Hahn that the waiver does not prohibit constitutional challenges to his sentence, we find no support for such a conclusion in the language of the plea agreement. Thus, we conclude that both of the contentions asserted by Kent on appeal fall within the scope of the prohibition: the first challenge seeks to overturn a special condition of supervised release, which is clearly "part of the sentence," United States v. Sandoval, 477 F.3d 1204, 1207 (10th Cir. 2007), and the other challenge seeks to overturn the term of imprisonment imposed by the district court.

5

*Knowing and voluntariness of the waiver*

"We can only enforce appeal waivers that defendants enter into knowingly and voluntarily." Hahn, 359 F.3d at 1328. A defendant challenging the validity of an appellate waiver "bears the burden" of proving he "did not knowingly and voluntarily enter into his plea agreement." Id. at 1329. Here, Kent makes no such assertion. Moreover, our own independent review of the record persuades us there is no basis for concluding that the waiver of appellate rights contained in the plea agreement was not entered into by Kent knowingly and voluntarily. In particular, the plea agreement states that Kent "knowingly and voluntarily waiv[ed] his right" to appeal his sentence, ROA, Vol. 1 at 33, and the record "reveals an adequate colloquy under Federal Rule of Criminal Procedure 11." Sandoval, 477 F.3d at 1207. During the plea colloquy, Kent acknowledged his understanding that, by pleading guilty under the terms of the plea agreement, he waived his right to appeal his sentence "provided the Court d[id] not vary above the advisory guideline range found to apply." ROA, Vol. 3 at 17. Kent had notice of the challenged special condition of supervised release which was initially proposed in the PSR and then adopted by the district court at sentencing. We again note that Kent raised no objection to the special conditions proposed in the PSR, nor did he object at sentencing.

*Miscarriage of justice*

"We will enforce [Kent's] appellate waiver unless we find that the enforcement of the waiver would constitute a miscarriage of justice." Id. The term "miscarriage of

6

justice" carries "a narrow meaning in this context." Sandoval, 477 F.3d at 1208. Specifically, a miscarriage of justice will occur in this context only if: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. Id.

Our independent review of the record on appeal confirms that none of these unusual circumstances exist here. Although Kent appears to assert the presence of the second and fourth of these circumstances, we disagree. Nothing in the record supports a conclusion that Kent's counsel was ineffective in negotiating the terms of the plea agreement, including the waiver provisions. Nor does the record support a conclusion that the waiver was unlawful. Indeed, such waivers are quite common and have been routinely affirmed by this court. E.g., United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001). Accordingly, we conclude that enforcing Kent's waiver of appellate rights would not constitute a miscarriage of justice.

*Conclusion*

"Because we are satisfied that the current appeal is within the scope of [Kent's] waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice, we enforce [Kent's] waiver and dismiss the appeal." Hahn, 359 F.3d at 1329.

The appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge