**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODOLFO PACHECO-HUATO,

Defendant - Appellant.

No. 09-2233
(D. Ct. No. 2:08-CR-01417-WJ-1)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Rodolfo Pacheco-Huato pleaded guilty pursuant to a plea agreement to one count of re-entry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b). Under the plea agreement, Mr. Pacheco-Huato waived the right to appeal his sentence unless it was imposed outside the applicable sentencing guideline range or failed

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to comport with the plea agreement.  The district court sentenced Mr. Pacheco-Huato to 51 months' imprisonment, in accordance with the guidelines and the calculations in the plea agreement.

Despite his appeal waiver, Mr. Pacheco-Huato now seeks to appeal his sentence. His attorney filed a timely notice of appeal, followed by a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967).  After reviewing the record, we agree that there are no meritorious issues for appeal.

*Anders* authorizes counsel to request permission to withdraw where he has thoroughly examined the case and has determined that any appeal would be wholly frivolous.  *Anders*, 386 U.S. at 744.  A request to withdraw must be accompanied by a brief indicating any potential appealable issues.  *Id.*  The defendant must then have the opportunity to raise any points he chooses.  *Id.*  "[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  If it so finds it may grant counsel's request to withdraw and dismiss the appeal. . . ."  *Id.*

"[W]e generally enforce plea agreements and their concomitant waivers of appellate rights."  *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc). In *Hahn*, this court held that we will enforce an appeal waiver as long as: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice."  *Id.* at 1325.  If all three elements

are met, we enforce the waiver and dismiss the appeal. *Id.* at 1329.

We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the brief filed by Mr. Pacheco-Huato's counsel,[1] and we conclude that the *Hahn* factors have been satisfied. First, Mr. Pacheco-Huato waived "the right to appeal any sentence within the applicable sentencing guideline range and imposed in conformity with the plea agreement." Because his sentence satisfies both conditions, this appeal is within the scope of the waiver. Second, the language of the plea agreement states that Mr. Pacheco-Huato entered into the agreement knowingly and voluntarily, and the plea colloquy comported with Rule 11. *See Hahn*, 359 F.3d at 1325. Therefore, we find that Mr. Pacheco-Huato's decision to waive his appellate rights was knowing and voluntary. Third, there is no evidence that enforcing the waiver would result in a miscarriage of justice. *See United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001) (listing four scenarios under which enforcing an appeal waiver would result in a miscarriage of justice). Accordingly, we conclude that the appeal waiver is enforceable and agree with Mr. Pacheco-Huato's counsel that there is no nonfrivolous basis for him to challenge his conviction or sentence.

---

[1]Mr. Pacheco-Huato did not respond to his counsel's *Anders* brief.

## III. CONCLUSION

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge