FILED
United States Court of Appeals
Tenth Circuit

August 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PLACIDO ALVARADO-BON, a/k/a
Francisco Ortiz-Gamez, a/k/a Chapo,

      Defendant-Appellant.

No. 13-4079
(D.C. No. 2:11-CR-00811-DN-PMW-3)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **GORSUCH** and **MATHESON**, Circuit Judges.

---

Placido Alvarado-Bon pled guilty to one count of possession with intent to

distribute 500 grams or more of a mixture or substance containing a detectable

amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  He was

sentenced to 70 months of imprisonment, at the low end of the guideline range of

70-87 months.  Mr. Alvarado-Bon's plea agreement contained a waiver of his right to

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal his sentence. In spite of this waiver, he filed a notice of appeal seeking to challenge his sentence. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Alvarado-Bon does not contend that his appeal is outside of the scope of his waiver or that he did not knowingly and voluntarily waive his appellate rights. Instead, he argues that it would be a miscarriage of justice if the waiver is enforced because another defendant in his drug ring received a much shorter sentence.

We have held that "enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated in [*United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)]." *Hahn*, 359 F.3d at 1327. Those situations are: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; and (4) the waiver is otherwise unlawful. *See id*.

Although Mr. Alvarado-Bon seeks to rely on the miscarriage-of-justice prong, he does not identify how his situation fits into any of the four situations identified

above.  Mr. Alvarado-Bon contends that his sentence is 50% higher than that of another similarly situated defendant.  He therefore argues that he was sentenced at the "whim" of the district court and that this results in a miscarriage of justice.  But even if the district court did err at sentencing, "[o]ur inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."  *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007); *see also United States v. Porter*, 405 F. 3d 1136, 1144 (10th Cir. 2005) ("The relevant question, however, is not whether Porter's sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable.").  Because Mr. Alvarado-Bon does not argue that his appeal waiver was unlawful, enforcing the waiver would not result in a miscarriage of justice.

Accordingly, we grant the government's motion and dismiss this appeal.

Entered for the Court
Per Curiam

- 3 -