FILED
United States Court of Appeals
Tenth Circuit

September 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

RAYDELL BILLY,

Defendant−Appellant.

No. 13-2120
(D.C. No. 1:13-CR-00337-LH-1)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

Raydell Billy pled guilty to a two-count information that charged him with

assault with a dangerous weapon and use of a firearm during and in relation to a

crime of violence. He was sentenced to 81 months of imprisonment. He was also

sentenced to a term of supervised release with a special condition that prohibits him

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from contacting the victim (his mother), "except under circumstances approved in advance and in writing by the probation officer." Resp. at 2.

Mr. Billy's plea agreement contained a waiver of his right to appeal his sentence, which includes the conditions of supervised release, *see United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007) ("Supervised-release conditions are part of the sentence."). In spite of this waiver, he filed a notice of appeal seeking to challenge the special condition of his supervised release. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Billy does not contend that his appeal is outside of the scope of his waiver or that he did not knowingly and voluntarily waive his appellate rights. Instead, he argues that it would be a miscarriage of justice if the waiver is enforced.

We have held that "enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated in [*United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)]." *Hahn*, 359 F.3d at 1327. Those situations are: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection

with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; and (4) the waiver is otherwise unlawful. *See id.*

Although Mr. Billy seeks to rely on the miscarriage-of-justice prong, he does not identify how his situation fits into any of the four situations identified above. Instead, he argues that his waiver is unenforceable because the district court erred in imposing the special condition. He alleges that the "court improperly tasked the probation officer with deciding the nature or extent of permission to be granted [him] to exercise his fundamental right to associate with his mother," Resp. at 7, and that the condition has a "racial impact" because it interferes with the rights of a Native American family to associate, *id.* at 9. But even if Mr. Billy is correct that the district court erred in imposing the special condition of supervised release, "[o]ur inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *Sandoval*, 477 F.3d at 1208; *see also United States v. Porter*, 405 F. 3d 1136, 1144 (10th Cir. 2005) ("The relevant question, however, is not whether Porter's sentence is unlawful . . . , but whether . . . his appeal waiver itself [is] unenforceable.").

Mr. Billy does not offer any specific argument as to why his particular waiver is unlawful or unenforceable. Instead, he argues generally that "circuit courts should not enforce sentencing appeal waivers," even while he acknowledges that all of the circuit courts have upheld the general enforceability of sentence appeal waivers. Resp. at 11. He explains though that he is making the argument to preserve the issue

for review by the Supreme Court. *Id.* We are bound by our precedent, however, which has upheld the general enforceability of appeal waivers and has set forth the analysis for considering whether to enforce a specific appeal waiver, *see Hahn*, 359 F.3d at 1324-25. Under the principles set forth in *Hahn*, we see no basis to deny the government's motion to enforce the appeal waiver in this case.

Accordingly, we grant the government's motion and dismiss this appeal.

Entered for the Court
Per Curiam