FILED
United States Court of Appeals
Tenth Circuit

September 17, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OSIEL CHAVEZ LUJAN,

Defendant-Appellant.

No. 13-2098
(D.C. No. 2:10-CR-01566-WJ-41)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **LUCERO**, and **BACHARACH**, Circuit Judges.

Osiel Chavez Lujan pled guilty to conspiracy to possess with intent to distribute five kilograms and more of cocaine. He was sentenced to 180 months' imprisonment, which was within the advisory guideline sentencing range. In his plea agreement, Mr. Lujan waived his right to appeal his conviction and sentence. In spite of this waiver, he filed a notice of appeal. The government has moved to enforce the

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

In his response, Mr. Lujan first asserts that the government's motion is untimely because it was not filed within 15 days of the notice of appeal. But it appears he is citing to an outdated version of 10th Cir. R. 27.2(A)(3). The current version of the rule states: "A motion under 27.2(A)(d)(1) [to enforce an appeal waiver] must be filed within 20 days after: (i) the district court's notice . . . that the record is complete, or; (ii) the district court's notice that it is transmitting the record pursuant to 10th Cir. R. 11.2." 10th Cir. R. 27.2(A)(3)(b). The district court gave notice that the record was complete on August 9, 2013. The government's motion to enforce was filed on August 26, before the 20-day deadline had expired, and therefore it is timely.

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Mr. Lujan contends that the issues he seeks to raise on appeal—that his counsel was ineffective and he was denied counsel of his choice—implicate the first and third prongs of the *Hahn* factors.

We first consider Mr. Lujan's claim that his Sixth Amendment rights were violated when the district court denied his request to hire new counsel before sentencing. He contends that "[d]enial of a motion to substitute counsel is outside of the scope of an appeal waiver," citing to *United States v. Porter*, 405 F.3d 1136 (10th Cir. 2005). But Mr. Lujan's characterization of *Porter* is not supported by the decision itself.

In *Porter*, the appeal waiver covered only an appeal from defendant's sentence, and the government did not seek to enforce the appeal waiver as to Mr. Porter's argument that the district court erred in denying his motion to substitute counsel. Instead, the government argued that "entry of a voluntary and unconditional guilty plea waives the right to assert all non-jurisdictional defenses on appeal, . . . including the denial of a motion for substitute counsel." *Id*. at 1140-41. We noted, however, that Mr. Porter's problems with his counsel began *after* he entered his guilty plea, and we therefore concluded that the appeal of the denial of his motion to substitute could not be barred by virtue of the guilty plea. *Id*. at 1141. Further, we were considering the effect of a guilty plea, not an appeal waiver, on the defendant's appeal from a denial of a motion to substitute counsel, and therefore we did not hold that that such an appeal is outside the scope of an appeal waiver, as Mr. Lujan contends.

Moreover, Mr. Lujan's Sixth Amendment claim that he was denied counsel of his choice necessarily implicates the validity of his conviction. In his response, he

- 3 -

quotes a passage from *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006), in which the Supreme Court discusses the significance of having an attorney of one's choice. *See* Resp. at 4. In that decision, the Court held that the deprivation of a criminal defendant's choice of counsel is not subject to harmless-error review and entitles the defendant to a reversal of his conviction. *See Gonzalez-Lopez*, 548 U.S. at 142, 152. As a result, if Mr. Lujan were to prevail on his claim, he would be entitled to a reversal of his conviction. His appeal of the district court's denial of his motion for substitute counsel is therefore within the scope of his appeal waiver because it is an attack on his conviction.

Mr. Lujan also contends that the issues he has raised implicate the miscarriage-of-justice prong of the *Hahn* analysis. *See* Resp. at 3. We have held that "enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated in [*United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)]." *Hahn*, 359 F.3d at 1327. Those situations are: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; and (4) the waiver is otherwise unlawful. *See id*.

Other than his claim for ineffective assistance of counsel, Mr. Lujan has not demonstrated how his appeal fits into any of the four situations identified above. And he admits that "issues of ineffective assistance of counsel are generally not

- 4 -

heard on direct appeal and are best reserved for proceedings under Title 28 U.S.C.
§ 2255." Resp. at 3. We agree that Mr. Lujan has not waived his right to bring claims of ineffective assistance of counsel challenging the validity of his guilty plea or appellate waiver, but these claims should be raised in a collateral proceeding under § 2255, not on direct review. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). We have explained that "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Porter,* 405 F.3d at 1144. We therefore conclude that enforcing the appeal waiver would not result in a miscarriage of justice.

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Mr. Lujan's ability to file a § 2255 motion asserting a claim for ineffective assistance of counsel in connection with his guilty plea or appeal waiver.

Entered for the Court
Per Curiam