**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD B. NEALY, II,

    Defendant - Appellant.

No. 20-6116
(D.C. No. 5:19-CR-00114-G-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Richard B. Nealy, II, pled guilty to concealing facts impacting supplemental

security income. *See* 42 U.S.C. § 1383a(a)(3). At sentencing, the district court

calculated the advisory guidelines range to be 21 to 27 months and then imposed a

sentence below that range—12 months and 1 day in prison followed by a term of

supervised release. Nealy seeks to appeal even though his plea agreement included a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

broad waiver of his appellate rights. The government has moved to enforce the appeal waiver. We grant the government's motion and dismiss the appeal.

## I. Discussion

We will enforce an appeal waiver if (1) "the disputed appeal falls within the scope" of the waiver; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Nealy argues that none of these three requirements are met in this case.

### A. Scope of the Waiver

Nealy's plea agreement required him to waive his right to appeal his "guilty plea, and any other aspect of [his] conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues." R. Vol. 1 at 39. It also required him to waive his right to appeal his sentence, with one exception: he retained the right to appeal the substantive reasonableness of his sentence if it exceeded the advisory guidelines range. After Nealy pled guilty, he moved to withdraw his guilty plea. The district court denied that motion.

Nealy argues that his appeal waiver did not include his right to appeal the order denying his motion to withdraw his plea.[1] He is incorrect. "[A]n appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on

---

[1] Nealy concedes that an appeal of his sentence falls within the scope of his waiver.

2

appeal." *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) (internal quotation marks omitted). And Nealy waived his right to appeal any "aspect of [his] conviction." R. Vol. 1 at 39. It does not matter if, as Nealy says, his motion to withdraw his guilty plea was not a pretrial motion, because his waiver was "not limited to" rulings on pretrial motions, *id.* Nor does it matter if, as Nealy points out, the plea agreement did not prevent him from moving to withdraw his plea in the district court. What matters is whether the plea agreement required him to waive his right to appeal his conviction. And it did. So this appeal fits within the scope of his waiver.

## B. Knowledge and Voluntariness

We enforce only knowing and voluntary waivers. *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam). The defendant has the burden to show that a waiver was not knowing and voluntary. *Id.* To assess whether a waiver was knowing and voluntary, we typically focus on two factors: "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *Tanner*, 721 F.3d at 1234.

3

Nealy's plea agreement says expressly that he knowingly and voluntarily waived his right to appeal his conviction and his sentence (with the one irrelevant exception that we noted earlier). Nealy also completed a petition to enter a guilty plea, making the following assertions:

- He was satisfied with his attorney's services.

- His guilty plea and waivers of his rights were "made voluntarily and completely of [his] own free choice, free of any force or threats or pressures from anyone." R. Vol. 1 at 28.

- He had read the plea agreement or had it read to him.

- The plea agreement's terms, including the waivers of his rights, had been explained to him.

- He understood the plea agreement's terms, including the waivers of his rights.

During the Rule 11 colloquy, the district court confirmed that Nealy understood that the plea agreement required him to waive the right to appeal his sentence "as long as it is within or below the guideline range" and that Nealy still wished "to proceed with that waiver." R. Vol. 3 at 13. Nealy denied that anyone had threatened him to cause him to plead guilty. And he again claimed to be satisfied with his attorney's services. Accepting Nealy's plea, the court found that he understood the consequences of his plea and that he entered the plea knowingly and voluntarily.

Despite all of this, Nealy argues that his appeal waiver was not knowing and voluntary because "he felt unduly pressured" by his attorney, pointing to his testimony at the hearing on his motion to withdraw his plea. Aplt. Resp. at 3. At that

4

hearing, he testified that he disagreed with his lawyer about whether he could win at trial. His defense team's advice that he should accept the plea agreement, including statements about his sentencing exposure at trial, he said, "scared the daylights out of" him, and so he felt he had no choice but to sign the plea agreement. R. Vol. 3 at 61. He similarly testified that his answers to the district court's questions during the plea colloquy were the product of his attorney's advice that he would have to give those answers for the court to accept the plea. He ultimately opined that he did not sign the plea agreement voluntarily.

Nealy has not shown that his waiver was involuntary. His claim that his lawyer unduly pressured him lacks factual support. Although he claims that his defense team's advice scared him, he does not claim that his team misled him or gave him incorrect information about his exposure. And a mere disagreement over his prospects at trial does not undermine the voluntariness of his plea. *See United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996) (concluding that allegations that the defendant was "hounded, browbeaten and yelled at" by his attorney to accept the plea did "not vitiate the voluntariness of his plea" (internal quotation marks omitted)).

Nor has Nealy shown that his waiver was not knowing. We recognize that, during the Rule 11 colloquy, the district court advised Nealy that the plea agreement required him to waive the right to appeal his sentence, but it did not advise him that the agreement also required him to waive the right to appeal his conviction. But Nealy does not allege that he did not understand the appeal waiver. And in any event, the plea agreement makes clear that it required him to waive his right to appeal

5

his conviction, convincing us that he knowingly waived that right.  *See Tanner*, 721 F.3d at 1234.

## C.  Miscarriage of Justice

Enforcing an appeal waiver causes a miscarriage of justice only when (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in negotiating the waiver renders it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, seriously affecting the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.

Nealy highlights that he "has raised the possibility of his counsel's ineffectiveness in his motion to withdraw his guilty plea."  Aplt. Resp. at 4.  And he contends that he should be able to pursue this claim on direct appeal rather than in a collateral proceeding, asserting that he will likely complete his prison term before he can obtain collateral review.

A defendant generally must present ineffective-assistance claims in a collateral proceeding rather than on direct appeal, "even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."  *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).  A narrow exception to this general rule exists for those "rare claims which are fully developed in the record."  *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) (internal quotation marks omitted).

6

This case falls under the general rule, not the exception. We accept that, in the district court, Nealy raised the possibility that his attorney provided ineffective assistance. After all, at the hearing on his motion to withdraw his plea, Nealy testified about his conversations with his attorney, and, in ruling on that motion, the district court addressed his attorney's performance, finding "nothing to suggest that his counsel's assistance was in any way inadequate." R. Vol. 1 at 217. But raising the possibility of ineffective assistance stops short of fully developing any ineffective-assistance claims. Nealy does not argue, and we do not conclude, that the "record below completely develops all issues that might be brought in collateral proceedings," *United States v. Samuels*, 493 F.3d 1187, 1193 (10th Cir. 2007).

Nealy next argues that enforcing his appeal waiver will affect the fairness, integrity, and public reputation of judicial proceedings because the waiver did not encompass his right to appeal the order denying his motion to withdraw his plea. This argument stalls at its premise. As we explained above, the rights that he waived included the right to appeal the order denying his motion to withdraw his plea.

## II. Conclusion

We grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court
Per Curiam

7