**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ULYSSES SEMION WASHINGTON,
a/k/a Jaccpot, a/k/a Jack Pot,

    Defendant - Appellant.

No. 23-5118
(D.C. No. 4:22-CR-00112-GKF-3)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **EID**, Circuit Judges.
_____

Ulysses Semion Washington appeals from his conviction, but his plea agreement contains an appeal waiver. The government now moves to enforce that waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc). Through counsel, Washington opposes the motion. For the reasons that follow, we find Washington's arguments unpersuasive and we grant the government's motion.

A grand jury in the Northern District of Oklahoma charged Washington with various offenses related to bribing a witness. The morning his trial was scheduled to begin, he asked for and received a plea deal from the government. Through that deal,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he agreed to plead guilty to one of the charges in exchange for the government

dismissing the rest.

Washington's written plea agreement contains an appeal waiver: "The

defendant waives the right to directly appeal the conviction and sentence pursuant to

28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the

right to appeal from a sentence that exceeds the statutory maximum." R. vol. I at 30,

§ 3(a). Washington initialed this page of the agreement, *see id.*, provided his full

signature at the end of this section of the agreement (which covers both appellate and

collateral review waivers), *see id.* at 31, and provided his full signature on the last

page as well, *see id.* at 45. Finally, during the change-of-plea colloquy, the district

court specifically reviewed the appeal waiver with Washington:

> THE COURT: Do you understand that by entering into
> this plea agreement with the government and by entering a
> plea of guilty, you will have waived, or given up, most of
> your rights to appeal and to collaterally attack all or part of
> your sentence?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Specifically, let me draw your
> attention to paragraph 3 of the plea agreement on page 3.
> In paragraph 3(a), you give up your right to directly appeal
> your conviction and sentence except you reserve the right
> to appeal from a sentence that exceeds the statutory
> maximum. Do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.

R. vol. I at 74–75.

The district court accepted the plea. A few weeks later, however, Washington

filed a pro se motion to withdraw it. He claimed his plea had not been knowing and

voluntary due to miscommunication with his defense attorney, and due to the effects of medication.

The district court held an evidentiary hearing and then issued a written order denying the motion. Later, at sentencing, the district court imposed a 108-month prison sentence. This appeal followed, and the government has now moved to dismiss based on the plea agreement's appeal waiver.

The government's motion would normally require us to address three questions: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. But we need not address a *Hahn* factor the defendant does not dispute. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Washington does not dispute any of the *Hahn* factors. Instead, he argues that appeal waivers cannot encompass a district court's order denying a motion to withdraw the plea. Otherwise, he says, such an order becomes effectively unreviewable. Without citation to authority, he argues this violates "[b]asic notions of fairness and due process." Resp. at 4.

We have already rejected a materially identical argument. "[A]n appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal, and thus falls within the plain language of the waiver provision." *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) (internal quotation marks

3

omitted).  This means Washington "can contest his conviction by challenging the guilty plea, but *only at the district court level. . . .* [H]is waiver forecloses . . . *appealing* the district court's decisions regarding his conviction and sentence, including its denial of [his] motion to withdraw his plea." *Id.*  To hold otherwise "would be to allow [Washington] to render a sham his promise not to [appeal] and would deprive the government of the benefit of its bargain." *Id.*

Because Washington offers no other argument against enforcement of his waiver, we grant the government's motion and dismiss this appeal.

Entered for the Court

Per Curiam